UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID MARRERO,

                Plaintiff,

- against -

CITY OF NEW YORK, DEPRTMENT OF CORRECTION COMMISSIONER CYNTHIA BRANN, CORRECTION OFFICER CAPTAIN THOMAS (Shield #1120), CORRECTION OFFICERS JOHN DOES ##1-5,

                Defendants.

**ORDER**

18 Civ. 12405 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff David Marrero commenced this Section 1983 action on December 31, 2018 – approximately 19 months ago. (Cmplt. (Dkt. No. 1)) To date, Plaintiff has not effectuated service of process, even though the Court warned that failure to file proof of service by November 22, 2019 would result in the dismissal of this case. (Nov. 8, 2019 Order (Dkt. No. 5)) Accordingly, this case will now be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## BACKGROUND

        The Complaint was filed on December 31, 2018 (Dkt. No. 1) and an Amended Complaint was filed on January 2, 2019. (Dkt. No. 3) As of November 8, 2019 – more than ten months after the filing of the Amended Complaint – proof of service had not been filed. Accordingly, the Court directed Plaintiff to file proof of service by November 22, 2019, warning that if "Plaintiff fails to do so, the Court will dismiss this case for failure to prosecute." (Nov. 8,

2019 Order (Dkt. No. 5))  To date, Plaintiff has not filed proof of service.  Indeed, there has been no docket activity since the Court's November 8, 2019 order.  (Id.)

## DISCUSSION

District courts may dismiss actions for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 41(b).

> In considering the dismissal of an action under Rule 41(b) for failure to prosecute, a district court must consider:  "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions."  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). . . . No single factor is dispositive and a court must weigh all five factors in determining whether dismissal is appropriate.  See United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004).  Dismissal is a "harsh remedy to be utilized only in extreme situations."  Id. (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Salem v. City of New York, No. 16 CIV. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (collecting cases) (alterations omitted).

As to the first factor, Plaintiff's failure to prosecute spans the entire duration of this case.  After Plaintiff let this case sit dormant for ten months, the Court ordered Plaintiff to file proof of service by November 22, 2019.  (Nov. 8, 2019 Order (Dkt. No. 5))  That deadline passed more than eight months ago with no action by Plaintiff.  Thus, the first factor strongly supports dismissal.  See Salem, 2017 WL 6021646, at *2 ("A delay of eight months to one year in prosecuting a case 'falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.'") (quoting Peters-Turnball v. Bd. of Educ. of City of New York, No. 96-cv-4914, 1999 WL 959375, at *2, *3 (S.D.N.Y. Oct. 20, 1999)); Avila v. Comm'r of Social Security, 15-cv-2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) ("The case will

be dismissed for failure to prosecute. Seven months have elapsed since the filing of the defendant's motion to dismiss.")).

As to the second factor, the Court's November 8, 2019 order warned Plaintiff that his claims would be dismissed for failure to prosecute if he did not file proof of service. (Nov. 8, 2019 Order (Dkt. No. 5))  This factor thus also favors dismissal.

As to the third factor, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay whereas here the plaintiff has already been unresponsive for a long period of time." Beauford v. Doe #1, No. 04-cv-7533, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).

As to the fourth factor, this Court sought to protect Plaintiff's right to due process by warning that his continued failure to effectuate service would result in the dismissal of his claims. (Nov. 8, 2019 Order (Dkt. No. 5))

As to the fifth factor, dismissal is the appropriate sanction.  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [because c]ourt orders and direction have not prompted plaintiff to move her case forward.")).

Having considered the relevant factors, the Court concludes that this action is properly dismissed for failure to prosecute.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's claims are dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute. The Clerk of Court is directed to terminate any pending motions and to close this case.

Dated: New York, New York
July 29, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge